IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Rhine<br>917 West Market Street<br>Pottsville, Pennsylvania 17901,<br>　　　　　Plaintiff<br><br>　　vs.<br>Liberty Mutual Assurance Company<br>of Boston<br>75 Berkeley Street<br>Boston, Massachusetts 02117,<br>　　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.<br><br><br><br><br><br><br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Pennsylvania Bar Association
P.O. Box 186
Harrisburg, PA 17108
800-692-7375

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Rhine<br>917 West Market Street<br>Pottsville, Pennsylvania 17901,<br>　　　　Plaintiff<br>　vs.<br>Liberty Mutual Assurance Company<br>of Boston<br>75 Berkeley Street<br>Boston, Massachusetts 02117,<br>　　　　Defendant | : : : : : : : : : : : | No.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT

### I  PARTIES

1. The Plaintiff is Charles Rhine, an adult individual residing at 917 West Market Street, Pottsville, Schuylkill County, Pennsylvania.

2. The Defendant is Liberty Mutual Assurance Company of Boston, a business authorized to conduct insurance and related enterprises in the Commonwealth of Pennsylvania with a mailing address of 75 Berkeley Street, Boston, Massachusetts.

### II  JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. 1331 in that the Plaintiff resides in this jurisdiction and the case involves a question or controversy under Federal Law. In addition, jurisdiction is granted pursuant to 29 §1132(e)(1) in that the United States District Court has exclusive jurisdiction of civil actions brought under the Employee Retirement Income and Security Act (ERISA). 29 U.S.C. §1001, et seq.

### III  FACTUAL BACKGROUND

4. The Plaintiff was previously employed with Walmart Inc. as a truck driver. He was so employed for approximately four years until suffering an injury on the job on June 8,

2016.

5. On June 8, 2016, the Plaintiff was jacking up a trailer when the jack slipped, injuring his shoulder and causing a tear in his rotator cuff. The injury required several surgeries in an attempt to repair the injured shoulder.

6. At the time of the injury, he was covered under a disability policy issued by the Defendant, specifically Policy #GE/GF3-850-290765-01. A true and correct copy of the Policy is attached hereto as Exhibit "A."

7. The Plaintiff's date of birth is 3-12-60 and as such, he was age 56 at the time of his injury.

8. In addition to the shoulder injury, the Plaintiff suffers from numerous other physical ailments, specifically diabetes, high blood pressure, lightheadedness, dizziness, headaches, sleep apnea.

9. The Group Disability Income Policy (hereinafter referred to as the "Policy") categorizes claimants into several classes.

10. Upon information and belief, the Plaintiff was in Class "D4" which is classified as "All full time, active, eligible truck drivers who enroll in the full duration benefit 60% plan."

11. The plan provides for short term disability and long term disability coverage.

12. The short term disability coverage lasts for 25 weeks.

13. The long term disability coverage for truck drivers in Class D4, provide for maximum benefit period to normal retirement age, which is then defined as age 67, for individuals who are born in 1960 and after.

14. The policy defines this "disability" or "disabled" with respect to long term disability, specifically for truck drivers as:

  (i)  That during the elimination period in the next 12 months of disability, the covered person, as a result of injury or sickness, is unable to perform the material and substantial duties of his own occupation; and

  (ii)  Thereafter, the covered person is unable to perform with reasonable continuity the material and substantial duties of Any Occupation.

15. The Plaintiff submitted timely claim for disability benefits.

16. A claimant who qualifies for disability benefits is to receive 60% of their basic monthly earnings, not to exceed the maximum monthly benefit of $15,000.00 less Other Income Benefits and Other Income Earnings.

17. At the time of his injury, the Plaintiff was a full time truck driver earning $309.00 per day.

18. The Defendant paid the Plaintiff under the "short term disability" provisions of the Policy. However, the Defendant denied the Plaintiff's claim for long term disability benefits beyond a one year period which Defendant calculated ran from December 10, 2016 through December 9, 2017.

19. The Defendant denied any long term disability benefits after December 9, 2017, thereby prompting Plaintiff to file an administrative appeal as required by the Defendant.

20. Defendant, by correspondence dated April 23, 2018, issued a denial of the Plaintiff's appeal ( A true and correct copy of the denial letter is attached hereto as Exhibit "B").

21. The Defendant concluded that the Plaintiff did not meet the definition of "disabled" presumably focusing on Defendant's position that the Plaintiff could perform a material and substantial duty of **any** occupation for which he is reasonable fitted by training, education, experience, age and physical/mental capacity.

22. The denial letter appears to focus on the Plaintiff's shoulder injury only and does not take

into account his other physical limitations which unequivocally renders Plaintiff "disabled" under the policy.

23. In fact, the Plaintiff applied for and was granted Social Security Disability as he was determined by the Social Security Administration to be totally disabled (A true and correct copy of the determination is attached hereto as Exhibit "C").

24. The Plaintiff's undersigned counsel notified the Defendant of the Social Security Administration's determination as it was unclear if that information had been forwarded to Defendant by Plaintiff's prior counsel. The denial letter issued by Defendant and the award by the Social Security Administration of permanent disability were within one week of each other.

25. As such, by correspondence dated October 16, 2018, Plaintiff's undersigned counsel forwarded the information to Defendant with a request that it reconsider the denial (Attached hereto as Exhibit "D").

26. To date, no response was forthcoming from Defendant and the Plaintiff instituted this lawsuit seeking to recover the benefits to which he is entitled under the Policy.

## COUNT I

### VIOLATION OF EMPLOYEE RETIREMENT INCOME AND SECURITY ACT

### (29 U.S.C. §1001 et seq)

27. Paragraphs 1 through 26 are incorporated herein as though set forth in full.

28. The Employee Retirement Income and Security Act (ERISA) 29 USC §1001, et. seq. regulates employee benefit plans including but not limited to remedies for the wrongful denial of benefits under an employee benefit plan.

29. Upon information and belief the subject long and short term plans at issue are employee

benefits plans and are regulated under the terms of ERISA.

30. Upon information and belief, the Defendant is a party in interest as that term is defined under ERISA (29 U.S.C. §1002 (14)) in that it acted as a fiduciary and/or administrator, trustee or custodian of the aforementioned short term and long term disability plans .

31. The Plaintiff herein is a participant and/or beneficiary as those terms are defined under ERISA (29 USC §1002(7)(8)). Pursuant to Section 1132(a)(1)(B) the Plaintiff in this case is entitled to bring a cause of action against Defendant for damages for the unlawful denial of benefits under the Plan.

32. The Defendant wrongfully denied Plaintiff her benefits in violation of Section 1132(a)(1)(B) as more particularly set forth in the Paragraphs 1 through 27 incorporated herein as though set forth in full.

33. Pursuant to the remedy provisions of the Act, the Plaintiff is entitled to damages, interest, including past and future benefits attorney's fees and such other relief as allowed under ERISA.

WHEREFORE the Plaintiff hereby seeks the following:

    A    All unpaid benefits for past and future due and owing Plaintiff;

    B    Reasonable attorney's fees and costs of this action;

    C    Interest on any benefits due if any

    D    Any and all remedies allowed under ERISA

    E    Such other relief as the Court deems just and equitable.

Respectfully submitted,

FIORILLO LAW OFFICE

BY: /s/ Michael J. Fiorillo, Esquire
    217 Mahantongo Street
    Pottsville, PA 17901
    570-622-7725
    Atty. I. D. NO. 52825

## VERIFICATION

COMMONWEALTH OF PENNSYLVANIA
      ss:
COUNTY OF SCHUYLKILL

Pursuant to the Federal Rules of Civil Procedure I, Charles Rhine, Plaintiff, state and affirm that the facts contained in the preceding document are true upon my information and belief and I make this statement subject to the penalties of 18 PA C.S.A. Section 4904, relating to unsworn falsifications to authorities.

By: *[signature]*
Charles Rhine

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Rhine<br>917 West Market Street<br>Pottsville, Pennsylvania 17901,<br>    Plaintiff<br>  vs.<br>Liberty Mutual Assurance Company<br>of Boston<br>75 Berkeley Street<br>Boston, Massachusetts 02117,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No.<br><br><br><br><br><br>Jury Trial Demanded |

CERTIFICATE OF SERVICE

I, Michael J. Fiorillo, Esquire, Counsel for Plaintiff, hereby certify that on December 31, 2018, a true and correct copy of the foregoing Complaint was served via Certified Mail, Postage Pre-paid to the following:

Liberty Mutual Assurance Company of Boston
75 Berkeley Street
Boston, Massachusetts 02117

/s/ Michael J. Fiorillo, Esquire